United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Sream, Inc. and RooR International BV, Plaintiffs, </br></br>v.</br></br>Kalandia Inc. d/b/a Mario's Supermarket, Defendant. | )</br>)</br>)</br>)  Civil Action No. 18-22990-Civ-Scola</br>)</br>)</br>) |

**Final Default Judgment**

This matter comes before the Court on the Plaintiffs Sream, Inc and RooR International BV's (collectively, the "Plaintiffs") motion for default judgment pursuant to Federal Rule of Civil Procedure 55(b) against Defendant, Kalandia, Inc. d/b/a Mario's Supermarket. (ECF No. 12.) The Defendant has failed to file an answer or otherwise defend, and on September 25, 2018, the Clerk entered default. (ECF No. 10.) The Court has considered the allegations of the complaint, the motion, and supporting documentation submitted by the Plaintiffs. For the reasons that follow, the Court **grants** the Plaintiffs' motion for default judgment (**ECF No. 12**) and enters final judgment in favor of the Plaintiffs.

1. **Background**

RooR is an award-winning designer and manufacturer of glass products, including water pipes, parts, and accessories. (Compl., ECF No. 1 at ¶ 8.) RooR products have a significant following and appreciation amongst consumers in the United States. (*Id.* at ¶ 9.) RooR holds U.S. trademark registration numbers 3,675,839, 2,307,176, and 2,235,638. (*Id.* at ¶ 11.) Since August 2013, Sream has been the exclusive licensee of the RooR mark in the United States. (*Id.* at ¶ 12.)

The Plaintiffs are suing the Defendant for trademark infringement and false designation of origin under 15 U.S.C. §§ 1114, 1125(a). The Plaintiffs' complaint alleges that the Defendant has engaged in the unlawful manufacture, retail sale, and wholesale sales of counterfeit RooR branded water pipes and related parts. (*Id.* at ¶ 7.) The complaint further alleges that that the Defendant's infringing acts have caused and are causing confusion, mistake, and deception among the relevant consuming public as to the origin of the counterfeit goods sold by the Defendant. (*Id.* at ¶ 33.)

The Defendant has failed to respond or otherwise appear, and as such the Clerk entered default. (ECF No. 10.) The Plaintiffs now bring this motion for final default judgment before the Court. (ECF No. 12.)

## 2. Legal Standards

"A defendant, by his default, admits the plaintiff's well-pleaded allegations of fact," as set forth in the operative complaint. *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009) (internal quotation marks and citations omitted). However, "a sufficient basis must still exist in the pleadings to state a claim before a court may enter a default judgment." *Under Armour, Inc. v. 51nfljersey.com*, No. 13–62809–CIV, 2014 WL 1652044, at *4 (S.D. Fla. Apr. 23, 2014) (Rosenbaum, J.) "A defendant's default does not in itself warrant the court entering a default judgment." *Luxottica Grp. S.p.A. v. Individual, P'ship or Unincorporated Ass'n*, No. 17-CV-61471, 2017 WL 6949260, at *2 (S.D. Fla. Oct. 3, 2017) (Bloom, J.) (quotation marks, alterations, and citations omitted). A defendant is "not held to admit facts that are not well pleaded or to admit conclusions of law." *Id.* The court must also establish that it has subject matter jurisdiction and personal jurisdiction over the defendant. *TracFone Wireless v. Anadisk LLC*, 685 F. Supp. 2d 1304, 1310 (S.D. Fla. 2010) (King, J.).

## 3. Analysis

### A. Liability

Section 1114 provides liability for trademark infringement if, without the consent of the registrant, a defendant uses "in commerce any reproduction, counterfeit, copy, or colorable imitation of a registered mark: which is likely to cause confusion, or to cause mistake, or to deceive." 15 U.S.C. § 1114. To prevail on its trademark infringement claim, the Plaintiffs must demonstrate "(1) that it had prior rights to the mark at issue and (2) that the defendant had adopted a mark or name that was the same, or confusingly similar to its mark, such that consumers were likely to confuse the two." *Planetary Motion, Inc. v. Techsplosion, Inc.*, 261 F.3d 1188, 1193 (11th Cir. 2001) (citing *Lone Star Steakhouse & Saloon, Inc. v. Longhorn Steaks, Inc.*, 106 F.3d 355, 360 (11th Cir. 1997) (internal citation omitted)).

The test for liability for false designation of origin under 15 U.S.C. § 1125(a) is the same as for a trademark counterfeiting and infringement claim: whether the public is likely to be deceived or confused by the similarity of the marks at issue. *Two Pesos, Inc. v. Taco Cabana, Inc.*, 505 U.S. 763, 780 (1992).

The well-pled factual allegations of the Plaintiffs' complaint, specifically those pled in paragraphs 22–41, 47–52, and 62–68, properly contain the elements for each of the above claims and are admitted by the Defendant's default. Further, the factual allegations in the complaint have been substantiated by affidavits and other evidence and establish the Defendant's liability under each of the claims asserted in the complaint. (ECF Nos. 1, 12.) Accordingly, the Court finds that Default Judgment pursuant to Rule 55(b) of the Federal Rules of Civil Procedure is appropriately entered against the Defendant.

### B. Relief

In a case involving the use of counterfeit marks in connection with a sale, offering for sale, or distribution of goods, 15 U.S.C. § 1117(c) provides that a plaintiff may elect an award of statutory damages at any time before final judgment is rendered in the sum of not less than $1,000.00 nor more than $200,000.00 per counterfeit mark per type of good. 15 U.S.C. § 1117(c)(1). In addition, if the court finds that a defendant's counterfeiting actions were willful, it may impose damages above the maximum limit up to $2,000,000.00 per mark per type of good. 15 U.S.C. § 1117(c)(2). Pursuant to 15 U.S.C. § 1117(c), the Plaintiffs have elected to recover an award of statutory damages as to count one and two of the complaint for the amount of $50,000. (ECF No. 12.)

The Court has wide discretion to determine the amount of statutory damages. *Cable/Home Commc'n Corp. v. Network Prod., Inc.*, 902 F.2d 829, 852 (11th Cir. 1990). An award of statutory damages is appropriate despite a plaintiff's inability to provide actual damages caused by a defendant's infringement. *Ford Motor Co. v. Cross*, 441 F. Supp. 2d 837, 852 (E.D. Mich. 2006). Therefore, the Court finds statutory damages of $50,000 appropriate.

The Plaintiffs also request relief for costs of the action in the amount of $658.12, consisting of the filing fee, process server fee, and the Plaintiffs' investigation fee. The Plaintiffs are entitled to recover these costs under 15 U.S.C. § 1117. Thus, Court finds that the Plaintiffs' costs of $658.12 are recoverable.

A district court is authorized to issue an injunction "according to the principles of equity and upon such terms as the court may deem reasonable," to prevent violations of trademark law. 15 U.S.C. § 1116(a). Indeed, "[i]njunctive relief is the remedy of choice for trademark and unfair competition cases, since there is no adequate remedy at law for the injury caused by a defendant's continuing infringement." *Burger King Corp. v. Agad*, 911 F. Supp. 1499, 1509-10 (S.D. Fla. 1995) (Kehoe, J.) (citing *Century 21 Real Estate Corp. v. Sandlin*, 846 F.2d 1175, 1180 (9th Cir. 1988)). Even in a default judgment setting, injunctive relief is available. *See, e.g., Petmed Express, Inc. v. Medpets.com*, Inc.,

336 F. Supp. 2d 1213, 1222–23 (S.D. Fla. 2004) (Cohn, J.). The Defendant's failure to respond or otherwise appear in this action makes it difficult for the Plaintiffs to prevent further infringement absent an injunction. *See Jackson v. Sturkie*, 255 F. Supp. 2d 1096, 1103 (N.D. Cal. 2003) ("[D]efendant's lack of participation in this litigation has given the court no assurance that defendant's infringing activity will cease. Therefore, plaintiff is entitled to permanent injunctive relief.").

Permanent injunctive relief is appropriate where a plaintiff demonstrates (1) it has suffered irreparable injury; (2) there is no adequate remedy at law; (3) the balance of hardship favors an equitable remedy; and (4) an issuance of an injunction is in the public's interest. *eBay, Inc. v. MercExchange*, LLC, 547 U.S. 388, 392–93 (2006). The Plaintiffs have clearly carried their burden on each of the four factors based on their pleadings, motion, and supporting evidence. (ECF Nos. 1, 12.) Accordingly, the Court finds that permanent injunctive relief is appropriate.

### 4. Conclusion

The Court **orders** that the Defendant is to pay the sum of **$50,658.12** ($50,000 in statutory damages and $658.12 in costs) to the Plaintiffs. The Court further **orders** that the Defendant is permanently restrained and enjoined from infringing upon the RooR marks with the registration numbers 3,675,839, 2,307,176, and 2,235,638 directly or contributorily, in any manner, including but not limited to:

a) Import, export, making, manufacture, reproduction, assembly, use, acquisition, purchase, offer, sale, transfer, brokerage, consignment, distribution, storage, shipment, licensing, development, display, delivery, marketing advertising or promotion of the counterfeit RooR product identified in the complaint and any other unauthorized RooR product, counterfeit, copy or colorful imitation thereof;

b) Assisting, aiding or attempting to assist or aid any other person or entity in performing any of the prohibited activities referred to in Paragraphs (a) above.

Finally, the Court **orders** that pursuant to 15 U.S.C. § 1118, the Defendant, at its cost, is to deliver to the Plaintiffs for destruction all products, accessories, labels, signs, prints, packages, wrappers, receptacles, advertisements, and other material in their possession, custody or control bearing any of the RooR marks. The Clerk is directed to **close** this case. All pending motions, if any, are denied as moot.

**Done and ordered** in chambers at Miami, Florida on April 15, 2019.

_____
Robert N. Scola, Jr.
United States District Judge